IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JASON P. HINZO,

        Petitioner,

 vs.                                                No. CIV 09-489 MCA/LFG

GEORGE TAPIA, Warden, and
GARY K. KING, Attorney General
of the State of New Mexico,

        Respondents.


**ORDER TO SHOW CAUSE**

      This is a proceeding on a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed May 13, 2009. Hinzo challenges the judgment and sentence entered by the Third Judicial District Court, Doña Ana County, New Mexico in State v. Hinzo, No. CR-2006-1405. After receiving an extension of time to respond to the Petition, Respondents filed their Answer [Doc. 10] on July 22, 2009, along with a Motion to Dismiss Without Prejudice for Failure to Exhaust State Court Remedies [Doc. 11].

      Respondents assert in their Motion to Dismiss that, save for one part of the ineffective assistance of counsel claim, Hinzo has not presented to the state courts any of the various claims for relief asserted in this federal Petition, and that those claims therefore remain unexhausted. Thus, Respondents argue, Hinzo has filed a "mixed petition," containing both exhausted and unexhausted claims, and as Hinzo still has the opportunity to present these claims in a state habeas corpus petition, the instant federal Petition should be dismissed without prejudice.

Exhaustion of State Remedies

      Petitioner Jason P. Hinzo ("Hinzo") raises three grounds for relief herein, each with multiple sub-parts, as follows:

I. Ineffective assistance of counsel, in that his trial attorney:

    a. did not meet with Hinzo;
    b. did not prepare an adequate defense;
    c. did not object to questions or concerns at the appropriate time;
    d. failed to conduct appropriate pre-trial investigations and provide adequate evidence;
    e. failed to object when the trial court would not allow the entire statute, NMSA § 29-20-4, to be submitted to the jury;
    f. allowed questionable testimony of contradicting / perjuring officers and an undisclosed witness who was not involved in the case at all.

II. His sentence was improper and illegal in that:

    a. he was sentenced to 3-8 year habitual offender enhancements, all arising out of one continuous act, and run consecutively;
    b. his sentence was "illegally enhanced under New Mexico law as to proof and sequence of priors";
    c. he is forced to serve 85% of his sentence, when the habitual offender statute is not a serious violent offense;
    d. he was not given credit for pre-sentence confinement.

III. The following of his due process rights were violated:

    a. "right to appear";
    b. effective assistance of counsel;
    c. "including of lesser-included in jury instructions";
    d. court did not allow complete introduction of state statute to jury;
    e. prosecutorial misconduct;
    f. perjured testimony;
    g. illegal search and seizure;
    h. "suppression of evidence and testimony not sought";
    i. allowing of perjured testimony, undisclosed witness, and illegal evidence.

Respondents assert that only a small part of one claim was exhausted, the allegation that trial counsel was ineffective in not objecting to the trial court's submission to the jury of only a part of a statute, NMSA (1978) § 29-20-4, rather than the entire statute. [*See* Claim I(e) above]. All other claims, Respondents allege, including other allegations of ineffective assistance, remain unexhausted.

The Court examined the record of proceedings in the state courts, attached as exhibits to the Answer, as well as the exhibits attached to Hinzo's Petition, and agrees that only one of Hinzo's claims was presented to the highest state court and that this is therefore a mixed petition.

On May 25, 2007, a jury found Hinzo guilty of the offenses of Aggravated Assault Upon a

Peace Officer (Deadly Weapon), Aggravated Fleeing a Law Enforcement Officer, Possession of a Controlled Substance (Felony - Narcotic Drug), and Possession of Drug Paraphernalia.  On August 13, 2007, the trial court found Hinzo to be a habitual criminal offender, with three prior felony convictions.  He was sentenced to a total term of 20 years, 6 months. The court suspended 4 years, 6 months of the sentence, leaving a total period of incarceration of 16 years.  [Doc. 10, Ex. A].

On March 11, 2008, the New Mexico Court of Appeals affirmed Hinzo's conviction, and the New Mexico Supreme Court denied certiorari on April 11, 2008. [Doc. 10, Exs. G, H].  In his appeal, Hinzo raised the following seven issues:

> (1) whether the trial court erred in finding that the Las Cruces Police Department Pursuit Policy did not violate the Safe Pursuit Act;
>
> (2) whether the trial court erred in allowing testimony regarding Defendant's dangerousness;
>
> (3) whether the trial court erred in disallowing admission of the Las Cruces Police Department Pursuit Policy;
>
> (4) sufficiency of evidence to support the conviction on the count of aggravated fleeing in light of the constraints placed by the Las Cruces Pursuit Policy;
>
> (5) whether the jury's determination that the Las Cruces Police Department complied with its Pursuit Policy was clearly erroneous;
>
> (6) sufficiency of evidence to support the conviction on the count of aggravated assault on a peace officer;
>
> (7) whether Defendant's sentence was improperly enhanced by the Arizona conviction.

[Doc. 19, Exs. D, F].

In its March 11, 2008 opinion, the state court of appeals specifically identified, discussed and rejected each of the above seven issues.  The same issues were presented in Hinzo's petition for writ of certiorari [Doc. 10, Ex. H], and the state supreme court denied certiorari without discussion. [Doc. 10, Ex. I].  It appears that Hinzo's allegation in the current federal Petition that his sentence was "illegally enhanced under New Mexico law as to proof and sequence of priors" [*see*, II(b) above] is exhausted, in that he presented to the highest state courts the issue of "whether Defendant's

sentence was improperly enhanced by the Arizona conviction." The Court so finds. No other claims raised in the federal Petition were presented in Hinzo's direct appeal.[1]

On August 18, 2008, Hinzo filed a *pro se* Motion to Amend Judgment and Sentence in the state district court [Doc. 10, Ex. K]. As grounds for relief, Hinzo asked that he be granted presentence credit, and that the court find that he is eligible for meritorious deductions of 30 days per month rather than 4. He also raises a vague complaint about consecutive sentences but does not appear to request any relief as to that complaint. The state trial judge dismissed the motion on August 29, 2008, specifically considering and rejecting the two clear requests for relief. [Doc. 10, Ex. L].

Although Hinzo was advised that he had the right to seek review of the denial of his motion by petitioning the New Mexico Supreme Court for a writ of certiorari within 30 days [Id., at 3], he failed to do so. Thus, none of the claims raised in the post-conviction Motion to Amend Judgment and Sentence has been exhausted by presentation to the highest state court.

On February 25, 2009, Hinzo filed a document titled "Motion Requesting an Evidentiary Hearing and Appointment of Counsel," the caption referring to the conviction at issue in this federal petition, as well as to another state court case. In the motion, Hinzo asks the state district court to conduct an evidentiary hearing "to litigate these issues brought forth in the petition for Writ of Habeas Corpus." [Doc. 10, Ex. L].

The court denied the motion, noting that there were no habeas corpus proceedings pending in either of the cases noted in the caption, nor any other post-conviction proceeding in the state court. The court also noted that Hinzo had attached to the motion a copy of a habeas petition which was apparently intended to be filed in federal district court. The state court concluded that it had no jurisdiction to appoint counsel or conduct hearings for matters that appeared to be within the

---

[1] Respondents assert that one issue of ineffective assistance was raised in the direct appeal. This is incorrect. The issue raised on appeal was whether the trial court erred in disallowing admission of the full text of the Las Cruces Police Department's Pursuit Policy, not whether counsel was ineffective in failing to object when the full text of a statute was not presented to the jury.

jurisdiction of the federal courts. [Doc. 10, Ex. N].

Hinzo then filed a Petition for Writ of Certiorari with the state supreme court on April 15, 2009 [Doc. 10, Ex. O], seeking to have that court order an evidentiary hearing and appoint counsel. Hinzo refers to the February 25, 2009 motion as a petition for habeas corpus but, as noted above, the state district court did not consider it as such, as it was not properly filed. The state supreme court denied certiorari without analysis on April 24, 2009. [Doc. 10, Ex. P].

Hinzo included with his Petition in this Court a copy of a habeas petition which he apparently signed on March 17, 2009 and captioned for the state district court. [Doc. 1, unnumbered attachment, at p. 26 of Part 2]. There is no date stamp on this petition and it does not appear in the state court's docket sheet for cause No. 2006-1405. [Doc. 10, Ex. S]. The Court concludes that Hinzo did not present it to the state courts.

On May 13, 2009, Hinzo filed the instant federal Petition for Writ of Habeas Corpus. [Doc. 1]. Thereafter, on June 26, 2009, Hinzo filed two documents in state district court, a Petition for Writ of Habeas Corpus, and a Motion to Amend Habeas Corpus. [Doc. 10, Exs. Q and R]. In the state habeas petition, he alleges multiple instances of ineffective assistance by trial counsel, due process violations, and ineffective assistance by appellate counsel. This habeas petition is pending in state district court.

A review of the state court record indicates that only one of the issues raised by Hinzo in this federal Petition was presented to the highest state court for review: the allegation that his sentence was improperly enhanced by the Arizona conviction. Thus, it is apparent that Hinzo has filed a mixed petition, including unexhausted along with exhausted claims.

### Options for a Mixed Petition

A federal court faced with a mixed habeas petition has limited options. The Court may stay the mixed petition to permit time for exhaustion in the state courts, but only when the Court determines there was good cause for the failure to exhaust and the unexhausted claims are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 275 (2005). If stay and abeyance is not

appropriate, the Court should allow the petitioner to delete the unexhausted claims and proceed with the exhausted claims, if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. Id., at 278; Allen v. Zavaras, 568 F.3d 1197, 1201 n.7 (10th Cir. 2009).

The Court finds that stay and abeyance is not appropriate in this case. Hinzo therefore has two options: he may dismiss most of his claims and proceed in the instant federal petition with the one exhausted claim, or he may have the entire petition dismissed without prejudice.

Hinzo is advised that choosing the first option – that is, voluntarily dismissing the unexhausted claims so that this Court may proceed to address the one claim that has been exhausted – will likely preclude him from later asserting the other claims in a second or successive petition, pursuant to 28 U.S.C. 2244(b).

If Hinzo chooses the second option – dismissing the entire action without prejudice – the one-year statute of limitations will apply when he refiles. 28 U.S.C. § 2244(d). Although the limitations period is tolled during the time that any properly-filed application for habeas or other post-conviction relief is pending in state courts, the limitations period would *not* be tolled during the time that the instant Petition under 28 U.S.C. § 2254 was pending in the federal district court. Duncan v. Walker, 533 U.S. 167, 181 (2001); Rhines v. Weber, at 274-75.

Hinzo is hereby notified that he has filed a mixed petition and must choose whether to dismiss the unexhausted claims and proceed immediately in this Court with his one exhausted claim, or else to have the entire petition dismissed without prejudice so that he may complete the exhaustion process and return to federal court with a perfected petition, provided he meets the requirements of the statute of limitations. If Hinzo does not provide the required notice within the time stated below, the Court may dismiss the entire action, without prejudice. Rose v. Lundy, 455 U.S. 509 (1982).

## **Order**

IT IS THEREFORE ORDERED that, on or before August 31, 2009, Petitioner must show cause why this action should not be dismissed without prejudice, by notifying the Court that he

wishes to proceed with the one exhausted claim.  Failure to respond may result in dismissal of the entire action without prejudice.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
Chief United States Magistrate Judge