IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON P. HINZO,

        Petitioner,

  vs.                                                                       No. CIV 09-489 MCA/LFG

GEORGE TAPIA, Warden, and
GARY K. KING, Attorney General
of the State of New Mexico,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS AND
## RECOMMENDED DISPOSITION[1]

This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed May 13, 2009. Petitioner Jason P. Hinzo ("Hinzo") challenges the judgment and sentence entered by the Third Judicial District Court, Doña Ana County, New Mexico in State v. Hinzo, No. CR-2006-1405. Respondents filed their Answer [Doc. 10] on July 22, 2009, along with a Motion to Dismiss Without Prejudice for Failure to Exhaust State Court Remedies [Doc. 11].

The undersigned Magistrate Judge, after examining the documentation submitted by Hinzo and that submitted by Respondents, found that Hinzo had exhausted his state court remedies for only one of the multiple claims presented in his federal petition. The Court therefore found that Hinzo had filed a mixed petition. In an Order to Show Cause [Doc. 13], filed July 27, 2009, the Court directed Hinzo to show cause on or before August 31, 2009 why this action should not be dismissed without prejudice. He was ordered to notify the Court whether he wished to proceed in this federal

---

[1]**Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.**

action with the one exhausted claim or to dismiss the entire petition voluntarily, without prejudice, in order to pursue the unexhausted claims in state court.

On July 29, 2009, Hinzo filed a document titled "Petitioner's Motion to Object to Respondent's Motion to Dismiss Federal Writ of Habeas Corpus . . ." [Doc. 14]. It appears that this document is intended to be a response to the Motion to Dismiss rather than a response to the Order to Show Cause, as it was served on July 27, the same day the Order to Show Cause was entered. Hinzo had until August 31 to show cause, and he did not do so in a separate document. However, as Hinzo is proceeding *pro se*, the Court applies a liberal construction to his pleadings and will treat his "Motion to Object" [Doc. 14] as a response to the Order to Show Cause, as well as a response to the Motion to Dismiss.

Hinzo asserts in the "Motion to Object" that he did, in fact, exhaust his state remedies. It is not entirely clear how, in his view, he exhausted his remedies. He asserts that the state courts "refus[ed] to review, remand overturn or grant motion to review and evidentiary hearing." [Doc. 14, at 3]. It is apparent that the state court's "refusal" to entertain his claims was grounded on the fact that he did not present a habeas petition in accord with state court rules of procedure.

Hinzo argues further that the document which he filed in state court on February 25, 2009 was a petition for writ of habeas corpus. This is an incorrect statement, as the document filed on that date was titled "Motion Requesting an Evidentiary Hearing and Appointment of Counsel," and it asked the state court to "litigate these issues brought forth in the petition for Writ of Habeas Corpus." [Doc. 10, Ex. L]. The state court denied the motion, noting there was no habeas corpus proceeding or any other post-conviction matter pending in the state court at that time with respect to the conviction at issue in this federal petition. [Doc. 10, Ex. N].

Hinzo says that on April 16, 2009, he filed or attempted to file a "Motion to Amend Writ of Habeas Corpus and New Petition for Writ of Habeas Corpus Filed in District Court," but the court "did not respond, file acknowledge or even return service acknowledging receipt of petition or motions." [Doc. 14, at 4]. Hinzo says that the court would not accept his filings on the mistaken

ground that he was represented by counsel. He says further that at that point, he "had no choice but to seek writ of certiorari to the Supreme Court of New Mexico." [Doc. 14, at 5]. The state supreme court denied certiorari on April 24, 2009 [Doc. 10, Exs. O, P] and Hinzo filed this federal habeas petition on May 13, 2009.

Thereafter, on June 26, 2009, two documents were filed in state court, a Petition for Writ of Habeas Corpus and a Motion to Amend Habeas Corpus. [Doc. 10, Exs. Q, R]. Hinzo asserts that he mailed these documents to the state court on April 16. He implies that someone, presumably someone at the court, held off on filing these documents until June 26. He says the Petition and Motion were "miraculously filed" after this federal habeas proceeding commenced.

Hinzo seems to be contending that either the state courts, or the New Mexico Attorney General's office, are responsible for his failure to exhaust state remedies. This Court rejects that argument. It is Hinzo's responsibility to file his petitions and motions in state courts in the manner set forth in the rules of those courts. A state prisoner must "fairly present his federal constitutional claims to the state courts before he may raise those claims in a federal habeas corpus petition." Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995). The petitioner bears the burden of showing that he has satisfied the exhaustion requirement. Hernandez, at 1092; White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988):

> In order to satisfy the exhaustion requirement, a petitioner is ordinarily required to show either that a state appellate court has had an opportunity to rule on the same claim presented in federal court, [citation omitted], or that at the time he filed his federal petition he had no available state avenue of redress . . . .

There is no question that only one of the claims which Hinzo wishes to present to this Court has been considered by the highest state court, and that Hinzo currently has a habeas petition pending in state court. This Court will not interfere in pending state proceedings and cannot entertain Hinzo's claims in this forum until the state courts have had a chance to consider them.

Hinzo was ordered to notify this Court, on or before August 31, 2009, whether or not he wished to proceed with the one exhausted claim. He was advised that his failure to respond could

result in dismissal of entire petition without prejudice. He did not respond specifically to this directive and has not expressed a preference for either proceeding with the one claim, or else voluntarily dismissing without prejudice. Instead, he claims that he did in fact exhaust his remedies. This Court, having rejected the argument that Hinzo exhausted his claims in the state court, now recommends that the entire petition be dismissed without prejudice as a mixed petition, to allow Hinzo to complete exhaustion of his claims in state court.

### **Recommended Disposition**

That Respondents' Motion to Dismiss Without Prejudice for Failure to Exhaust State Court Remedies [Doc. 11] be granted, that the Petition be dismissed without prejudice as a mixed petition, and that this action be dismissed.

*[signature: Lorenzo F. Garcia]*
Lorenzo F. Garcia
Chief United States Magistrate Judge