IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JASON P. HINZO,

        Petitioner,

  vs.                                        No. CIV 09-489 MCA/LFG

GEORGE TAPIA, Warden, and
GARY K. KING, Attorney General
of the State of New Mexico,

        Respondents.


**ORDER QUASHING ORDER TO SHOW CAUSE, WITHDRAWING
MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION,
AND DIRECTING EXPANSION OF THE RECORD**

      This is a proceeding on a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed May 13, 2009. Petitioner Jason P. Hinzo ("Hinzo") challenges the judgment and sentence entered by the Third Judicial District Court, Doña Ana County, New Mexico in State v. Hinzo, No. CR-2006-1405. Respondents filed an Answer [Doc. 10] on July 22, 2009, along with a Motion to Dismiss Without Prejudice for Failure to Exhaust State Court Remedies [Doc. 11].

      Respondents asserted in their Motion to Dismiss that, save for one part of the ineffective assistance of counsel claim, Hinzo has not presented to the state courts any of the various claims for relief asserted in this federal Petition, and that those claims therefore remain unexhausted. Thus, Respondents argue, Hinzo has filed a "mixed petition," containing both exhausted and unexhausted claims, and as Hinzo still has the opportunity to present these claims in a state habeas corpus petition, the instant federal Petition should be dismissed without prejudice.

      On July 27, 2009, the Court entered an Order to Show Cause [Doc. 13], finding that Hinzo failed to exhaust any of the multiple claims he wishes to raise in this petition, except one, and that he had indeed filed a mixed petition. The Court ordered Hinzo to notify the Court on or before August 31, 2009 whether he wished to proceed with the one exhausted claim, or else voluntarily

dismiss his petition without prejudice so that he could complete the exhaustion process in state court. He was warned of the consequences of each choice, with respect to the issues of "second or successive" petition, and statute of limitations for federal habeas claims. He was also warned that a failure to respond could result in dismissal of his entire petition without prejudice. [Doc. 13, at 6].

Hinzo did not respond specifically to this Order to Show Cause, and he now asserts that he never received a copy of the Order. The Notice of Electronic Filing for the Order indicates that a copy was mailed to Hinzo at his current address of record on July 27, 2009. If he failed to receive it, the Court can only conclude that the United States Postal Service or the prison mail officials made a mistake or failed to do their job properly.

Hinzo did file a response [Doc. 14] to Defendants' Motion to Dismiss. In the Findings and Recommended Disposition [Doc. 15] entered September 15, 2009, the undersigned Magistrate Judge noted that Hinzo did not comply with the Court's directive to file a notification of his choice with respect to the mixed petition, but his *pro se* pleadings were liberally construed and the Court considered Doc. 14 to constitute a response to the Order to Show Cause, as well as a response to the Motion to Dismiss. The Court was not aware at that time that Hinzo did not receive a copy of the Order to Show Cause.

In the Findings and Recommended Disposition, the undersigned Magistrate Judge noted that although Hinzo continued to assert that he exhausted his state court remedies, the record indicated otherwise. Indeed, Hinzo had a habeas petition pending in state court at the time the Findings were filed. Because Hinzo did not make the choice directed in the Order to Show Cause, the recommendation was for dismissal without prejudice to permit Hinzo to complete the exhaustion process.

Hinzo filed Objections [Doc. 16] to the Findings and Recommended Disposition on September 23, 2009. As noted above, he stated in the Objections that the reason he did not respond to the Order to Show Cause was because he never received a copy of that document.

Hinzo stated further:

2

> As was stated in courts "Findings" concerning Petitioners – "State Habeas Corpus" – still pending, the 3rd Judicial District Court – Honorable Judge Bridgforth, issued an "Order Summarily Dismissing Petition for Writ of Habeas Corpus" in the state court for the aforementioned case on Aug. 12, 2009. Therefore exhausting Petitioner's state court remedies.

[Doc. 16, at 3]. Hinzo continues to assert that he exhausted his state remedies, adding that the August 12 ruling concluded his state habeas case. He therefore asks this Court to "re-open" his federal petition.

Hinzo's state habeas petition has an unusual procedural history. Although it appears that he signed a petition for writ of habeas corpus in March 2009, and that his motion to amend the petition was signed in April 2009, for some reason neither of these documents was filed in state district court until June 26, 2009. [Doc. 10, Exs. Q, R]. Either they were mailed much later than the time they were signed, or else they were held up at the court clerk's office. In any event, the petition and amendment were filed eventually, and they raise a number of claims in support of Hinzo's request for habeas relief from the state courts.

The docket sheet for State v. Hinzo, No. CR-2006-1405 (Third Judicial District Court, Doña Ana County, New Mexico), the conviction at issue in this federal habeas petition, indicates that Judge Bridgforth did enter an order on August 12, 2009 summarily dismissing Hinzo's habeas petition and notifying him that he could seek review of the denial by petitioning the New Mexico Supreme Court for a writ of certiorari within 30 days.[1]

The 30-day period has now expired, and there is no indication on the docket of Cause No. CR-2006-1405 that Hinzo applied for certiorari. If indeed he failed to do so, the claims raised in his state habeas petition remain unexhausted and are now procedurally defaulted. Watson v. New Mexico, 45 F.3d 385, 387 (10th Cir. 1995).

Because Hinzo says that he did not receive a copy of the Order to Show Cause, the Court will

---

[1] The Court takes judicial notice of the records of state court proceedings. St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue).

quash that Order. In addition, the Magistrate Judge's Findings and Recommended Disposition will be withdrawn, since Hinzo says he never had a chance to respond to the Order to Show Cause.

The Court must now determine whether the claims raised in Hinzo's state habeas petition were exhausted or, alternatively, were procedurally defaulted. Therefore, pursuant to rule 7, Rules Governing Section 2254 Cases in the United States District Courts, the Court directs Respondents to expand the record as follows: (1) Submit copies of all documents relating to Hinzo's state habeas petition in Cause No. CR-2006-1405, apart from the two documents already submitted as Exs. Q and R to Doc. 10; and (2) Notify the Court as to the present status of that state habeas proceeding, including whether any of the claims in that proceeding were presented to the state supreme court.

## **Order**

IT IS THEREFORE ORDERED that the Order to Show Cause [Doc. 13] previously filed in this case is hereby quashed.

IT IS FURTHER ORDERED that the Magistrate Judge's Findings and Recommended Disposition [Doc. 15] is hereby withdrawn.

IT IS FURTHER ORDERED that Respondents are directed to expand the record, as specified above, by filing and serving the required notice and copies on or before October 15, 2009.

*Lorenzo P. Garcia*
Lorenzo P. Garcia
Chief United States Magistrate Judge