IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON P. HINZO,

              Petitioner,

    vs.                                      No. CIV 09-489 MCA/LFG

GEORGE TAPIA, Warden, and
GARY K. KING, Attorney
General of the State of New Mexico,

              Respondents.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on Respondents' Notice Re: Expansion of Record and Renewal of Motion to Dismiss [Doc. 18]. Petitioner Jason P. Hinzo ("Hinzo") did not file a response to the renewed motion to dismiss.

Hinzo filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 13, 2009. Respondents filed an Answer, along with a Motion to Dismiss Without Prejudice for Failure to Exhaust State Court Remedies [Docs. 10, 11]. The undersigned Magistrate Judge found that Hinzo had exhausted his state court remedies for only one of the multiple claims presented in his federal petition, and that he had therefore filed a "mixed petition." In an Order to Show Cause [Doc. 13], the court directed Hinzo to notify the Court whether he wished to proceed in this federal action with the one exhausted claim, or to dismiss the entire petition voluntarily, without prejudice, in order to pursue the unexhausted claims in state court.

Hinzo did not file a response to the Order to Show Cause, but in the Magistrate Judge's Findings and Recommended Dispostion [Doc. 15], the Court liberally construed a pleading filed by

Hinzo to be both a response to the Order to Show Cause as well as a response to the Motion to Dismiss. The Court recommended that, because Hinzo did not express a preference for either proceeding with the one exhausted claim or else voluntarily dismissing the entire petition, therefore the entire Petition should be dismissed without prejudice as a mixed petition.

Hinzo filed Objections [Doc. 16] to the Findings and Recommended Disposition. He asserted that his state habeas petition had been dismissed on August 12, 2009, and therefore his state court remedies were exhausted. On September 29, 2009, the Court entered an Order Quashing the Order to Show Cause, Withdrawing the Magistrate Judge's Findings and Recommended Disposition, and Directing Expansion of the Record. [Doc. 17]. The Court noted that the docket sheet for Hinzo's state habeas case reflected that the petition had been dismissed. However, the Court also noted that Hinzo did not file a petition for writ of certiorari with the state supreme court within the 30-day period required for review. The Court withdrew the Findings and Recommended Disposition and ordered Respondents to expand the record by supplying copies of all documents relating to Hinzo's state habeas petition, other than those already submitted, and to notify the Court of the present status of the state habeas proceeding. [Doc. 17, at 4].

Respondents filed their Notice and Renewed Motion to Dismiss [Doc. 18] in response to the September 29 Order, providing the requested document and notifying the Court that Hinzo failed to file a petition for writ of certiorari with the New Mexico Supreme Court following dismissal of his state habeas petition, and the period for doing so had expired. Respondents note that Hinzo's failure to seek certiorari means that the issues raised in the state habeas petition are now procedurally defaulted. This is a correct statement of the law. Watson v. New Mexico, 45 F.3d 385, 387 (10th Cir. 1995).

As noted in the Court's initial Order to Show Cause, Hinzo raises the following claims for relief in this federal habeas petition:

I.  Ineffective assistance of counsel, in that his trial attorney:

    a.  did not meet with Hinzo;
    b.  did not prepare an adequate defense;
    c.  did not object to questions or concerns at the appropriate time;
    d.  failed to conduct appropriate pre-trial investigations and provide adequate evidence;
    e.  failed to object when the trial court would not allow the entire statute, NMSA § 29-20-4, to be submitted to the jury;
    f.  allowed questionable testimony of contradicting / perjuring officers and an undisclosed witness who was not involved in the case at all.

II.  His sentence was improper and illegal in that:

    a.  he was sentenced to 3-8 year habitual offender enhancements, all arising out of one continuous act, and run consecutively;
    b.  his sentence was "illegally enhanced under New Mexico law as to proof and sequence of priors";
    c.  he is forced to serve 85% of his sentence, when the habitual offender statute is not a serious violent offense;
    d.  he was not given credit for pre-sentence confinement.

III.  The following of his due process rights were violated:

    a.  "right to appear";
    b.  effective assistance of counsel;
    c.  "including of lesser-included in jury instructions";
    d.  court did not allow complete introduction of state statute to jury;
    e.  prosecutorial misconduct;
    f.  perjured testimony;
    g.  illegal search and seizure;
    h.  "suppression of evidence and testimony not sought";
    i.  allowing of perjured testimony, undisclosed witness, and illegal evidence.

Only one these claims – II(b) above, the claim that his sentence was "illegally enhanced under New Mexico law as to proof and sequence of priors" – is exhausted.  This claim was raised in Hinzo's direct appeal and decided adversely to him.

The following claims were raised in state postconviction proceedings and decided adversely

to Hinzo, either in the habeas ruling or in the state court's ruling on his Motion to Amend Judgment and Sentence, and he failed to seek certiorari on those rulings, thus rendering these claims procedurally defaulted:

I(a), (b), (d), (f);  II(a), (d); III(a), (b), (c), (f), (g), (h).

The following claims were never raised by Hinzo in the state courts, either on direct appeal or in postconviction proceedings, and they thus remain unexhausted:

I(c), (e); II(a), (c); III(d), (e).

Thus, Hinzo's petition remains "mixed," as it includes both exhausted and unexhausted claims.  Before proceeding with the issues raised by a mixed petition, the Court must first determine which claims Hinzo has the option of retaining in this federal habeas petition.

The Court will, if Hinzo so chooses, address the one claim that is fully exhausted.  None of the unexhausted claims will be considered.  Federal habeas review of the procedurally defaulted claims is barred, unless Hinzo can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law; or else demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991); Watson v. New Mexico, *supra*, at 388.

Hinzo is advised that, unless he can make the showing of "cause and prejudice" with respect to the procedurally defaulted claims – that is, Claims I(a), (b), (d), (f);  II(a), (d); III(a), (b), (c), (f), (g), and (h) – those claims will be dismissed with prejudice.  All of these claims were raised in his state habeas petition, except Claim II(d) (regarding presentence credit), which was raised in his postconviction Motion to Amend Judgment and Sentence, filed in state court on August 18, 2008. Hinzo must demonstrate cause for his failure to seek certiorari after the adverse rulings on both the habeas petition and the Motion to Amend.  In addition, he must make a showing of prejudice.

4

In order to satisfy the "cause" standard, Hinzo must show that some objective factor external to the defense – that is, something that cannot fairly be attributed to him – prevented him from complying with the state procedural rules which require that an application for certiorari be made within limited periods. Dulin v. Cook, 957 F.2d 758, 760 (10th Cir. 1992). Basic ignorance of the rules or the law, or mere inadvertence, will not suffice to show "cause." Id., at 760. He must also show that he was actually prejudiced as a result of the alleged violations of federal law.

In the alternative, Hinzo may excuse his procedural defaults by demonstrating that a fundamental miscarriage of justice would occur if his claims are not addressed by the federal court. A fundamental miscarriage of justice "involves extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." McCleskey v. Zant, 499 U.S. 467, 494 (1991); Parks v. Reynolds, 958 F.2d 989, 995 (10th Cir. 1992). A claim of actual innocence requires more than a mere assertion; rather, petitioner must present "evidence of innocence so strong that a court cannot have any confidence in the outcome of the trial." Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir. 1998). Substantial claims that errors of constitutional dimension have caused the conviction of an innocent person are "extremely rare." Id., quoting Schlup v. Delo, 513 U.S. 298, 324 (1995).

Hinzo is advised that, unless he can make the required showing of either cause and prejudice or fundamental miscarriage of justice, the procedurally defaulted claims will be dismissed. If he makes the requisite showing, those claims will be retained. In either event, some of Hinzo's claims remain entirely unexhausted; he will therefore still be left with a mixed petition, and the rules regarding mixed petitions as set out in the Court's earlier Order to Show Cause [Doc. 13] will apply.

## Order

IT IS THEREFORE ORDERED that, on or before December 3, 2009, Petitioner must make

a showing of cause and prejudice sufficient to excuse his failure to file petitions for writ of certiorari following adverse decisions in State v. Hinzo, Cause No. D-307-200601405, on his Motion to Amend Judgment and Sentence filed in state district court on August 18, 2008, and on his Petition for Writ of Habeas Corpus filed in state district court on June 26, 2009; or a showing that he will suffer a fundamental miscarriage of justice if his claims are not heard, because he was actually innocent of the crimes charged.

IT IS FURTHER ORDERED that, if Hinzo does not timely respond to this Order to Show Cause, or if his responses fail to make the required showings, Claims I(a), (b), (d), (f);  II(a), (d); III(a), (b), (c), (f), (g), (h) will be dismissed with prejudice.


Lorenzo F. Garcia
Chief United States Magistrate Judge

6