IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON P. HINZO,

        Petitioner,

vs.                                    No. CIV 09-489 MCA/LFG

GEORGE TAPIA, Warden, and
GARY K. KING, Attorney General
of the State of New Mexico,

        Respondents.

## MAGISTRATE JUDGE'S SECOND FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed May 13, 2009.  Petitioner Jason P. Hinzo ("Hinzo") challenges the judgment and sentence entered by the Third Judicial District Court, Doña Ana County, New Mexico in State v. Hinzo, No. CR-2006-1405.  Respondents filed their Answer [Doc. 10] on July 22, 2009, along with a Motion to Dismiss Without Prejudice for Failure to Exhaust State Court Remedies [Doc. 11].

In response to the Court's September 29, 2009 Order Directing Expansion of the Record, Respondents filed additional material and requested renewal of their Motion to Dismiss [Doc. 18]. Hinzo filed his Response to Expansion of the Record [Doc. 20] on November 16, 2009.  The Court, having considered all submission by the parties in this case, now recommends that the Motion to Dismiss be granted.

In their original Motion to Dismiss Respondents asserted that, save for one claim, Hinzo had not presented to the state courts any of the various claims for relief presented in this federal Petition. Respondents argued that those claims therefore remained unexhausted, and thus Hinzo had filed a

---

[1]**Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.**

"mixed petition," containing both exhausted and unexhausted claims.  Since Hinzo still had the opportunity to present the unexhausted claims in a state habeas corpus petition, Respondents contended that this federal Petition should be dismissed without prejudice.

In July 2009 the undersigned Magistrate Judge, after examining the initial documentation submitted by Hinzo and Respondents, determined that Hinzo exhausted his state court remedies for only one of the multiple claims presented in his federal petition – the claim of illegal enhancement of his sentence.  The Court therefore agreed with Respondents that Hinzo filed a mixed petition.

In its first Order to Show Cause [Doc. 13], filed July 27, 2009, the Court directed Hinzo to show cause why this action should not be dismissed without prejudice.  He was ordered to notify the Court whether he wished to proceed with the one exhausted claim or, alternatively, to voluntarily dismiss the entire petition without prejudice in order to pursue the unexhausted claims in state court.

Hinzo did not file a response to the first Order to Show Cause, instead filing a document titled "Petitioner's Motion to Object to Respondent's Motion to Dismiss Federal Writ of Habeas Corpus . . ." [Doc. 14] on July 29, 2009.  In the Magistrate Judge's first Findings and Recommended Disposition [Doc. 15], the Court liberally construed this pleading to be both a response to the Order to Show Cause as well as a response to the Motion to Dismiss.  The Court recommended that, because Hinzo did not express a preference for either proceeding with the one exhausted claim or else voluntarily dismissing the entire petition, therefore the entire petition should be dismissed without prejudice as a mixed petition.

Hinzo filed Objections [Doc. 16] to the first Findings and Recommended Disposition.  He asserted that his state habeas petition was dismissed on August 12, 2009, and therefore his state court remedies were exhausted.  In light of this assertion, the Court entered an Order on September 29, 2009, Quashing the Order to Show Cause, Withdrawing the Magistrate Judge's Findings and Recommended Disposition, and Directing Expansion of the Record. [Doc. 17].

In that Order, the Court noted that the docket sheet for Hinzo's state habeas case reflected that the habeas petition had been dismissed.  However, the Court also noted that Hinzo did not file

a petition for writ of certiorari with the state supreme court within the 30-day period required for review.  The Court withdrew its earlier Findings and Recommended Disposition and ordered Respondents to expand the record by supplying copies of all documents relating to Hinzo's state habeas petition, other than those already submitted, and to notify the Court of the present status of the state habeas proceeding. [Doc. 17, at 4].

On October 7, 2009, Respondents filed their Notice and Renewed Motion to Dismiss [Doc. 18] in response to the September 29 Order, providing the requested documentation and notifying the Court that Hinzo failed to file a petition for writ of certiorari with the New Mexico Supreme Court following dismissal of his state habeas petition, and the period for doing so had expired. Respondents noted that Hinzo's failure to seek certiorari constituted procedural default of the issues raised in the state habeas petition.

The Court agreed, citing Watson v. New Mexico, 45 F.3d 385, 387 (10th Cir. 1995) and entered a second Order to Show Cause [Doc. 19] on November 3, 2009.  In that Order, the Court noted which of Hinzo's multiple claims were unexhausted and which were procedurally defaulted. The Court also noted, again, that one claim was exhausted by having been raised on direct appeal and decided adversely to Hinzo, and it notified Hinzo that his petition remains "mixed" as it includes both exhausted and unexhausted claims.

The Court further advised Hinzo that it would not review his procedurally defaulted claims unless he could demonstrate cause for the default – that is, his failure to seek certiorari with the New Mexico Supreme Court after adverse rulings on his habeas petition and a separately-filed Motion to Amend – and also show actual prejudice.  Alternatively, Hinzo could avoid procedural default by demonstrating that a fundamental miscarriage of justice occurred, in that he was actually innocent of the charges brought against him.  Coleman v. Thompson, 501 U.S. 722, 750 (1991); Watson v. New Mexico, at 388.  Without such a showing, the Court warned him, his procedurally defaulted claims would be dismissed. [Doc. 19, at 6].

Hinzo filed a timely Response to the second Order to Show Cause; however, he failed to

make the requisite showing of cause and prejudice or fundamental miscarriage of justice, and the Court therefore recommends that his procedurally defaulted claims be dismissed with prejudice.

In his Response [Doc. 20], Hinzo makes no attempt to show cause for his procedural default. Instead, he points to a ruling on a petition for certiorari which he filed prematurely in the state supreme court after his "Motion Requesting an Evidentiary Hearing and Appointment of Counsel" was denied by the state district court.

The motion requesting an evidentiary hearing was filed by Hinzo under the mistaken assumption that he had a habeas petition pending in the state court. *See,* procedural summaries set forth in the Court's first Order to Show Cause [Doc. 13, at 2-5] and Order Quashing Order to Show Cause [Doc. 17, at 3]. After the state district court denied that motion on grounds that Hinzo had no postconviction proceedings pending, he filed a petition for writ of certiorari. The state supreme court summarily denied certiorari on April 24, 2009.

It was not until June 26, 2009 that Hinzo's habeas petition was filed in state district court. The state district judge denied that petition on August 12, 2009, and notified Hinzo that he had the right to seek review of the denial by petitioning the state supreme court for certiorari within 30 days. Hinzo never filed for certiorari after denial of his habeas petition, and the 30-day period is now expired.

Hinzo contends in his Response that the April 24, 2009 denial of certiorari "should be sufficient to please this court" because it was entered in connection with the same criminal action that is the subject of this federal petition, and because the state supreme court did not give any reasoning or discussion of the issues in its denial of certiorari. [Doc. 20, at 5]. Hinzo further argues that "it is therefore reasonable to expect the court would not and will not make any other decision than the one already ordered." [Id.]. It appears that Hinzo is arguing that there was no reason to file for certiorari after the August 12, 2009 denial of his habeas petition, because the state supreme court had already entered an order denying certiorari, and he assumed the court would rule the same way as it had on the earlier occasion. This does not constitute an "external factor" preventing him from

filing a petition for certiorari; it simply constitutes an unfounded assumption that such a petition would not succeed.

> If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.

Engle v. Isaac, 456 U.S. 107, 130 (1982).

Nor does the April 24, 2009 order denying certiorari, entered before Hinzo's habeas petition was even filed, constitute exhaustion of the issues raised in the petition. The state supreme court was never given an opportunity to review the substantive claims in Hinzo's state habeas petition. When Hinzo first applied for certiorari, the supreme court's denial had the limited effect of leaving in place the district court's ruling that, as there was no habeas petition pending, there were no issues for the court to decide. The supreme court was not presented, at that point, with anything substantive to review.

After Hinzo's state habeas petition was filed, and the substantive issues raised therein were addressed by the state district court, he had the opportunity at that point to ask the supreme court to review the substance of his claims. He failed to do so. The fact that the state supreme earlier refused a different request for certiorari, one that had nothing to do with the substance of Hinzo's claims, does not excuse his procedural default. An assumption that a court will not grant relief does not excuse the failure to ask.

In addition to the claims raised in his state habeas petition, Hinzo also procedurally defaulted claims raised in a postconviction Motion to Amend Judgment and Sentence, filed August 18, 2008 in state district court. That motion was denied on August 29, 2008, and although Hinzo was advised that he could petition the supreme state for certiorari to review that ruling, he failed to do so and has provided no excuse for this default. In addition, Hinzo does not argue factual innocence. Thus, the procedurally defaulted claims, which are specified below, will be dismissed with prejudice.

In the second Order to Show Cause, the Court further advised Hinzo that, regardless of the

outcome with respect to the procedurally defaulted claims, his federal petition also raised a number

of claims that remain entirely unexhausted in that they have never been presented to the state courts

for determination.  Because these claims are combined with the one fully exhausted claim in this

federal petition, Hinzo was again advised that he had filed a mixed petition, and he was reminded

that he had earlier been notified (in the first Order to Show Cause [Doc. 13]) that he must choose

whether to dismiss the unexhausted claims and proceed in his federal petition on the one claim that

has been exhausted, or else voluntarily dismiss the entire mixed petition.  The Court warned that it

would dismiss the entire action if Hinzo did not notify the Court of his choice.

Despite several opportunities, Hinzo has never notified this Court that he wants to proceed

on the one unexhausted claim.  Rather, he continues to assert that he has, in fact, exhausted all of

his claims.  The Court rejects this assertion.  Only one claim has been exhausted.  Some of Hinzo's

claims were never presented to the state courts; others were defaulted in that they were raised in

state court but never pursued to the state's highest court, and Hinzo has not made the requisite

showing to overcome the defaults.

Therefore, in addition to recommending that Hinzo's procedurally defaulted claims be

dismissed with prejudice, the Court also recommends dismissal without prejudice of all other claims

in the petition, exhausted and unexhausted, as they have been presented to the federal court in a

mixed petition.

The claims raised in Hinzo's federal habeas petition are as follows:

I.  Ineffective assistance of counsel, in that his trial attorney:

      a.  did not meet with Hinzo *(procedurally defaulted – see fn. 2)*;[2]

      b.  did not prepare an adequate defense *(procedurally defaulted – see fn.2)*;

      c.  did not object to questions or concerns at the appropriate time *(unexhausted)*;

      d.  failed to conduct appropriate pre-trial investigations and provide adequate evidence *(procedurally defaulted – see fn.2)*;

---

[2]Issue raised in state habeas petition; after dismissal, Hinzo failed to seek certiorari.

e. failed to object when the trial court would not allow the entire statute, NMSA § 29-20-4, to be submitted to the jury *(unexhausted)*;

f. allowed questionable testimony of contradicting / perjuring officers and an undisclosed witness who was not involved in the case at all *(procedurally defaulted – see fn.2)*.

II. His sentence was improper and illegal in that:

a. he was sentenced to 3-8 year habitual offender enhancements, all arising out of one continuous act, and run consecutively *(unexhausted)*;

b. his sentence was "illegally enhanced under New Mexico law as to proof and sequence of priors" *(exhausted - raised on direct appeal and pursued to the state's highest court)*;

c. he is forced to serve 85% of his sentence, when the habitual offender statute is not a serious violent offense *(unexhausted; it is unclear whether this claim is the same as one raised in Hinzo's Motion to Amend Judgment and Sentence and the Court will therefore give Hinzo the benefit of the doubt)*;

d. he was not given credit for pre-sentence confinement *(procedurally defaulted – see fn.3)*.[3]

III. The following of his due process rights were violated:

a. "right to appear" *(procedurally defaulted – see fn.2)*;

b. effective assistance of counsel *(procedurally defaulted – see fn.2)*;

c. "including of lesser-included in jury instructions"*(procedurally defaulted – see fn.2)*;

d. court did not allow complete introduction of state statute to jury *(unexhausted)*;

e. prosecutorial misconduct *(unexhausted)*;

f. perjured testimony *(procedurally defaulted – see fn.2)*;

g. illegal search and seizure *(procedurally defaulted – see fn.2)*;

h. "suppression of evidence and testimony not sought" *(procedurally defaulted – see fn.2)*;

i. allowing of perjured testimony, undisclosed witness, and illegal evidence *(procedurally defaulted – see fn.2)*.

---

[3]Issue raised in state court in Hinzo's Motion to Amend Judgment and Sentence; after motion was denied, Hinzo failed to seek certiorari.

Only claim II(b) above – the assertion that Hinzo's sentence was "illegally enhanced under New Mexico law as to proof and sequence of priors" – is exhausted.  The following claims remain unexhausted, as they have never been presented to the state courts:  I(c), (e); II(a), (c); III(d), (e).

The following claims are procedurally defaulted, and Hinzo has not shown that the default is legally excused:  I(a), (b), (d), (f);  II(d); III(a), (b), (c), (f), (g), (h), (i).

## **Recommended Disposition**

That Respondents' Motion to Dismiss [Doc. 11] be granted and that this action be dismissed. The following claims should be dismissed with prejudice:  I(a), (b), (d), (f); II (d); III(a), (b), (c), (f), (g), (h), (i); all other claims should be dismissed without prejudice.

*Lorenzo F. Garcia*

Lorenzo F. Garcia
United States Magistrate Judge