IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON P. HINZO,

      Petitioner,

v.                                                   No. CIV 09-489 MCA/LFG

GEORGE TAPIA, Warden, and
GARY K. KING, Attorney General
of the State of New Mexico,

      Respondents.

## ORDER

THIS MATTER is before the Court on Petitioner Jason P. Hinzo's ("Hinzo") "Response to Order to Show Cause and Magistrate Judge's Second Findings and Recommended Disposition,"[1] filed January 7, 2010. [Doc. 27.] The Court does not repeat the entire procedural history of this habeas petition; however, more detailed procedural histories are set forth in other pleadings, including Documents Nos. 13, 15, 17, 19, 20, and 23.

---

[1] Based on the title of Hinzo's pleading, [Doc. 27], the Court could construe it as both a response to the Second Order to Show Cause [Doc. 19] and as objections to the Court's Second Findings and Recommended Disposition [Doc. 21.] However, in an abundance of caution, the Court treats Hinzo's pleading [Doc. 27] as a response to the Second Order to Show Cause. He is allowed fourteen (14) days from entry of this Order to file timely objections to the Court's Second Findings and Recommended Disposition [Doc. 21]. While the Court originally allowed Hinzo 14 days after he responded to the Order to Show Cause to file his objections [Doc. 23], the Court extends that deadline to 14 days after entry of this Order. Therefore, within 14 days after entry of this Order, he may, pursuant to 28 U.S.C. section 636(b)(1) file written objections to the Court's Second Findings and Recommended Disposition [Doc. 27]. Hinzo must file any objections with the Clerk of the U.S. District Court within the 14-day period allowed if he wants to have appellate review of the second findings and recommendations. If no objections are filed, no appellate review will be allowed.

**Procedural Summary**

On November 3, 2009, the Court issued a Second Order to Show Cause, reviewing the procedural history of the case and Hinzo's multiple claims of ineffective assistance of counsel, alleged improper sentence, and alleged violations of his due process rights. [Doc. 19.] Of his nineteen (19) claims, the Court found that only one (alleged illegal enhancement of his sentence as to proof and sequence of priors) was exhausted. [Doc. 19, p. 1.] A number of claims were procedurally defaulted due to Hinzo's failure to seek certiorari on adverse rulings, and a number of claims were unexhausted due to Hinzo's failure to present them on direct appeal or in post-conviction proceedings.

In the Second Order to Show Cause, the Court advised Hinzo that he could continue in federal court with the one exhausted claim, but that none of the unexhausted claims would be considered. The Court also informed Hinzo that federal habeas review of the procedurally defaulted claims was barred unless he could demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law; or, in the alternative, unless he could demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice.

More specifically, the Court identified each of the procedurally defaulted claims and noted that this Court recommended these claims be dismissed with prejudice unless Hinzo could demonstrate cause for his failure to seek certiorari after the adverse rulings on both the June 26, 2009 state habeas petition and the August 18, 2008 state motion to amend judgment. In addition, Hinzo had to show he was actually prejudiced as a result of the alleged violations of federal law. The Court carefully set out and defined the pertinent legal standards in the Second Order to Show Cause. [Doc. 19, pp. 4-5.]

Hinzo filed an initial response to the Second Order to Show Cause but he failed to make the requisite showing of cause and prejudice or fundamental miscarriage of justice. [Doc. 20.] On November 19, 2009, the Court issued Second Findings and Recommended Disposition with respect to Hinzo's petition for writ of habeas corpus brought under 28 U.S.C. § 2254 ("Second Findings'). [Doc. 21.] In the Second Findings, the Court recommended that Hinzo's procedurally defaulted claims be dismissed, with prejudice, and that the remaining exhausted and unexhausted claims be dismissed, without prejudice, as those claims were presented to this Court in a mixed petition. In ultimately recommending that Respondents' Motion to Dismiss [Doc. 11] be granted, the Court addressed at length Hinzo's earlier response [Doc. 20] to the Second Order to Show Cause. [Doc. 21, pp. 4-6.]

On December 8, 2009, Hinzo asked for an extension of time to "answer" both the Second Order to Show Cause and the Second Findings. [Doc. 22.] In his motion for extension, Hinzo claimed his earlier response to the Second Order to Show Cause had not been a response to that Order because he never received the Order. In an abundance of caution, the Court allowed Hinzo yet another opportunity to show cause why his procedurally defaulted claims should not be dismissed. [Doc. 23.]

## Analysis

On January 7, 2010, Hinzo filed the present response to the Second Order to Show Cause. [Doc. 27.] In his the January 7 response, Hinzo presents no new arguments as to why the procedurally defaulted claims[2] should not be dismissed. Instead, he rehashes the very same

---

[2]Hinzo did not correctly list the claims the Court found procedurally defaulted. He listed claims II(a) and (d), when it was only II(d) that was procedurally defaulted. Claim II(a) was unexhausted. He also identified claims (a), (b), (c), (f), (g), and (h) as the claims under section III that were procedurally defaulted, but he neglected to include (i), which the Court also found procedurally defaulted.

procedural history that he presented in earlier pleadings and that the Court already fully addressed. For example, Hinzo again notes that he purportedly filed a writ of habeas corpus in state court on February 25, 2009. [Doc. 27, p. 2.] The Court discussed that pleading previously, noting that while Hinzo referred to the February 25, 2009 motion as a habeas petition, the state district did not consider it as such because it was never properly filed in state court. [Doc. 13, p. 5.] The Court also noted in an earlier order that while Hinzo presented a habeas petition signed March 17, 2009, as an exhibit to his federal petition, the March 17 state habeas petition was not date stamped nor did it appear on the state court's docket. [Doc. 13, p. 5.]

Once again, Hinzo argues that he did "in fact" file the state habeas petition on February 25, 2009, "but mistakenly submitted the wrong writ of habeas corpus cover sheet. . . ." [Doc. 27, p. 3.] This simply makes no sense, and more importantly, does not establish cause or prejudice. The critical omissions by Hinzo were his failures to seek certiorari after his motion to amend judgment and sentence was denied and after his state habeas petition was dismissed. [Doc. 21.]

The Court previously discussed Hinzo's apparent belief that there was no reason to file a petition for writ of certiorari based on earlier state court orders or decisions and his assumption that the Supreme Court had already ruled on a petition for writ of certiorari. [Doc. 21, p. 4.] The Court further explained that Hinzo's arguments do not constitute "an external factor" that prevented Hinzo from filing a petition for writ of certiorari. [Doc. 21, p. 5.] In addition, the Court already noted that the State Court's April 24, 2009 order denying certiorari, that was entered before Hinzo's state habeas petition was filed, did not prove exhaustion of the issues raised in the habeas petition. The New Mexico State Supreme Court never had an opportunity to review the substantive claims raised in Hinzo's state habeas petition. [Doc. 21, p. 5.]

In his response [Doc. 27], Hinzo notes that the "writ of certiorari was denied on April 24, 2009." Then he filed a federal habeas petition on May 13, 2009. [Doc. 27, p. 3.] As stated above and earlier, the April 24, 2009 Order was entered before Hinzo filed the June 2009 state habeas petition. The April 24, 2009 Order essentially has no bearing on the question of cause and prejudice. Moreover, the fact that Hinzo then presented a habeas petition to federal court in May 2009 does not mean that the State Supreme Court reviewed the issues in Hinzo's state habeas petition or that the State Court no longer needed to review those issues.

Hinzo further argues that the state court did not timely dismiss his habeas petition. [Doc. 27, p. 4.] This is incorrect. The only state habeas petition of record was filed on June 26, 2009. [Doc. 18, Ex. A.] The State Court denied that petition less than two months later on August 12, 2009. Hinzo was advised in the State Court's August 12, 2009 Order that he could seek review of the denial by petitioning the New Mexico Supreme Court "of a writ of certiorari within thirty (30) days of entry of this order . . . ." [Doc. 18, Ex. A.] Hinzo did not petition the New Mexico Supreme Court, and the time for doing so elapsed.

Hinzo asserts that he could not file a timely petition for writ of certiorari because he was transported for court proceedings from August 31, 2009 until September 16, 2009. However, he fails to explain why he could not have filed a request for extension or the actual petition for writ of certiorari in the nineteen days between August 12 and August 31, 2009, when he was transported.

The remainder of Hinzo's response [Doc. 27] sets forth additional and repetitive arguments as to why his attorney rendered ineffective assistance of counsel. In a roundabout way, Hinzo claims that alleged ineffective assistance of counsel constitutes the "prejudice" he must show to save his procedurally defaulted claims. In arguing that his attorney provided inadequate jury instructions,

Hinzo asserts he has "provided the Court with more than adequate proof as to his innocence of the crimes alleged . . . ." [Doc. 27, p. 9.]

The Court concludes that Hinzo's arguments are unavailing. He failed to establish the required "cause" as to why he did not seek certiorari after the adverse rulings on both the state habeas petition and the state motion to amend. Basic ignorance of the rules or the law, or mere inadvertence, will not suffice to show "cause." Dulin v. Cook, 957 F.2d 758, 760 (10th Cir. 1992). In addition, he made no showing of actual prejudice as a result of an alleged violation of federal law. Alternatively, Hinzo did not demonstrate the existence of "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." McCleskey v. Zant, 499 U.S. 467, 494 (1990). A claim of actual innocence requires more than a mere assertion; rather, Hinzo must demonstrate "evidence of innocence so strong that a court cannot have any confidence in the outcome of the trial." Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir.), *cert. denied,* 525 U.S. 1024 (1998). Hinzo's brief and summary assertions of innocence do not suffice.

## Conclusion

The Court, therefore, determines that Hinzo did not show cause to excuse his failure to file petitions for writ of certiorari following adverse decisions in State v. Hinzo, Cause No. D-307-200601405. The Court will not modify or withdraw its previously filed Second Findings and Recommended Disposition. [Doc. 21.] Those findings and recommendations still stand. As stated previously, Hinzo has fourteen (14) days to file objections to the Second Findings [Doc. 21] (*see supra* p. 1, n. 1), or by no later than January 25, 2010.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge